IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Francisco Avila Soberanis, <br><br> Plaintiff, <br><br> v. <br><br> and <br><br> Fyr Construction, Inc., Oleh Ferkalyuk, Bart GC Corp. and Bartosz Daniluk, <br> Defendants. | Case No. 1:22-cv-3442 <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

Plaintiff, Francisco Avila Soberanis ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Fyr Construction, Inc. ("Defendant" for counts I and II or "Fyr"), ("Defendant" for counts I and II or "Ferkalyuk"), Bart GC Corp. ("Defendant" for counts III and IV or "Bart") and Bartosz Daniluk ("Defendant" for counts III and IV or "Daniluk"). Fyr and Ferkalyuk may collectively be referred to as "Defendants" for counts I and II and Bart and Daniluk may be collectively referred to as "Defendants" for counts III and IV. In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Chicago, Illinois; and he was employed by Fyr, Ferkalyuk, Bart, and Daniluk.

3. Fyr is a business that is located, headquartered, and conducts business in Chicago, Illinois.

4. Ferkalyuk is the owner and President of Fyr, and they are in charge of its employees. On information and belief, Ferkalyuk is a resident of Chicago, Illinois.

5. Bart is a business that is located, headquartered, and conducts business in Itasca, Illinois.

6. Daniluk is the owner and President of Bart, and they are in charge of its employees. On information and belief, Daniluk is a resident of Itasca, Illinois.

7. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

8. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Chicago, Illinois.

## Facts Common To All Claims

10. Fyr is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

11. Ferkalyuk is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Fyr; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of

employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

12. Bart is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

13. Daniluk is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Bart; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA (as to Defendants Fyr and Ferkalyuk)

14. Plaintiff reincorporates by reference Paragraphs 1 through 13, as if set forth in full herein for Paragraph 14.

11. Plaintiff began working at Fyr in or before August 2018 until on or about February 2020.

12. At all times, Plaintiff held the same position at Fyr, they were a construction worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction work, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 62 hours per week.

14. Plaintiff was paid their wages on a(n) bi-weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

16. Plaintiff's rate of pay was $25 per hour.

17. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $9,350.00 in unpaid overtime wages; (ii) liquidated damages of $9,350.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Francisco Avila Soberanis respectfully requests that the Court enter a judgment in their favor and against Defendants Fyr and Ferkalyuk jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $9,350.00;

B. An award liquidated damages in an amount equal to at least $9,350.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT II: VIOLATION OF IMWL (as to Defendants Fyr and Ferkalyuk)**

21. Plaintiff incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 21.

22. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

23. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

25. The amount of unpaid overtime wages owed to Plaintiff is $              .

**WHEREFORE**, Plaintiff Francisco Avila Soberanis respectfully requests that the Court enter a judgment in their favor and against Defendants Fyr Construction, Inc. and Oleh Ferkalyuk jointly and severally, for:

    A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $9,350.00;

    B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

    C. Declare that Defendants have violated the IMWL;

    D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

    E. Grant such additional or alternative relief as this honorable court deems just and proper.

### COUNT III: VIOLATION OF THE FLSA (as to Defendants Bart and Daniluk)

26. Plaintiff reincorporates by reference Paragraphs 1 through 13, as if set forth in full herein for Paragraph 26.

27. Plaintiff began working at Bart in or before January 2021 until on or about September 24, 2021.

28. At all times, Plaintiff held the same position at Bart, they were a construction worker Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction work, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

29. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 57.5 hours per week.

30. Plaintiff was paid their wages on a(n) bi-weekly basis.

31. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

32. Plaintiff's rate of pay was $25 per hour.

33. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

34. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

35. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

36. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes:

(i) $8,531.25 in unpaid overtime wages; (ii) liquidated damages of $8,531.25; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Francisco Avila Soberanis respectfully requests that the Court enter a judgment in their favor and against Defendants Bart GC Corp. and Bartosz Daniluk jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $8,531.25;

B. An award liquidated damages in an amount equal to at least $8,531.25

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT IV: VIOLATION OF IMWL (as to Defendants Bart and Daniluk)**

37. Plaintiff incorporates by reference Paragraphs 1-13 and Paragraphs 26-36, as if set forth in full herein for this Paragraph 37.

38. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

39. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

41. The amount of unpaid overtime wages owed to Plaintiff is $8,531.25.

**WHEREFORE**, Plaintiff Francisco Avila Soberanis respectfully requests that the Court enter a judgment in their favor and against Defendants Bart GC Corp. and Bartosz Daniluk jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $8,531.25;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this honorable court deems just and proper.

s/James M. Dore
Attorney For Plaintiff

James M. Dore (ARDC No. 6296265)
Daniel I. Schlade (ARDC No. 6273008)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-415-4898
Email: jdore@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**

# EXHIBIT A

Fyr Construction

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid OT | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|
| 6/23/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 6/30/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 7/7/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 7/14/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 7/21/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 7/28/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 8/4/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 8/11/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 8/18/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 8/25/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 9/1/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 9/8/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 9/15/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 9/22/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 9/29/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 10/6/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 10/13/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 10/20/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 10/27/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 11/3/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 11/10/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 11/17/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 11/24/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 12/1/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 12/8/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 12/15/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 12/22/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 12/29/2019 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 1/5/2020 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 1/12/2020 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 1/19/2020 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 1/26/2020 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 2/2/2020 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| 2/9/2020 | 62 | 22 | $25.00 | $275.00 | $275.00 | $825.00 |
| **TOTALS** | | | | **$9,350.00** | **$9,350.00** | **$28,050.00** |

# EXHIBIT B

Bart GC Corp.

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid OT | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|
| 1/3/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 1/10/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 1/17/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 1/24/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 1/31/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 2/7/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 2/14/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 2/21/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 2/28/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 3/7/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 3/14/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 3/21/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 3/28/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 4/4/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 4/11/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 4/18/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 4/25/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 5/2/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 5/9/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 5/16/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 5/23/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 5/30/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 6/6/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 6/13/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 6/20/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 6/27/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 7/4/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 7/11/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 7/18/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 7/25/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 8/1/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 8/8/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 8/15/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 8/22/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 8/29/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 9/5/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 9/12/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 9/19/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| 9/26/2021 | 57.5 | 17.5 | $25.00 | $218.75 | $218.75 | $656.25 |
| | **TOTALS** | | | **$8,531.25** | **$8,531.25** | **$25,593.75** |